IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **XIAMAR VAZQUEZ,** | : | **Civil No. 1:19-CV-0217** |
| **Plaintiff,** | : | **Judge Sylvia H. Rambo** |
| v. | : | |
| **DAUPHIN COUNTY PRISON, et al.,** | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

*Pro se* plaintiff Xiamar Vazquez, an individual presently incarcerated at the Dauphin County Prison (DCP), in Harrisburg, Pennsylvania commenced this action against the Dauphin County Prison ("DCP") and "Dauphin County Prison Treatment" alleging that prison officials failed to protect him from assault. (Doc. 1.) Mr. Vazquez has filed an application to proceed *in forma pauperis.* (Docs. 2 and 7.) For the following reasons, the application to proceed *in forma pauperis* will be granted but the Court will *sua sponte* dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Vazquez will be granted leave to file an amended complaint.

## I. Allegations of the Complaint[1]

On December 24, 2018, Mr. Vazquez requested to be separated from Demetrius Aquino and Brandon Duffy who were also housed at the DCP. (Doc. 1.) Prison officials denied his request and he was "told there was no body there by those names." (*Id.* at 3.) On December 28, 2018, Eric King, a relative of Demetrius Aquino, punched Mr. Vazquez in the face. (*Id.* at 4.) The same day, Donnel Rhodes Jr. sexually assaulted Mr. Vazquez by "touch[ing] [his] rear end" and pulling his pants down. (*Id.*)

Prison officials did not ask Mr. Vazquez if he wished to pursue criminal charges against Mr. King or Mr. Rhodes. The corrections officer working "that shift told everyone on the block that" Mr. Vazquez reported the incidents "now the whole block has [ ] labeled [Mr. Vazquez] as a snitch and wants to jump [him] because seven people went to the hole" due to their involvement in the two incidents. Mr. Vazquez is currently housed in protective custody. (*Id.*)

## II. Legal Standards for the Screening Prisoner *Pro Se* Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental

---

[1] All material allegations in the Complaint are assumed to be true for the purpose of this Memorandum. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (stating in reviewing a *pro se* complaint for *sua sponte* dismissal, a court must accept the material allegations in the complaint as true).

entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when

dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). While " 'detailed factual

allegations' " are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

**III. Discussion**

    **A.    Mr. Vazquez's Complaint will be Dismissed**

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S.Ct. 1497, 1501-02, 182 L. Ed.2d 593 (2012); *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Only "persons" are subject to suit under § 1983, and entities such as the DCP and DCP Treatment do not qualify as "persons". *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *Slagel v. Cty of Clarion*, 435 F.3d 262, 264 n. 3 (3d Cir. 2006) (affirming on other grounds and observing that the district court properly "dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws' "); *Fischer v. Cahill,* 474 F.2d 991 (3d Cir.1973) (a prison's medical department is not a "person" under § 1983). Additionally, the Court notes that Mr. Vazquez does not allege that his constitutional rights were violated as the result of any policy, custom or practice of the DCP. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978). Accordingly, Mr. Vazquez's claims against the DCP and DCP

Treatment are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as they are not "persons" and not amendable to suit under 42 U.S.C. § 1983. However, the Court will grant Mr. Vazquez leave to amend to the extent that he can cure his pleading deficiencies as described above.

### B. Leave to Amend

The Court will grant Mr. Vazquez twenty-one days to file an amended complaint to name as Defendants those individuals who were personally involved in the decision to deny his request for a separation and those whom he believes placed him at risk of further assault by labeling him a snitch following the events of December 28, 2018. If Mr. Vazquez decides to file an amended complaint, he must clearly label it, on the face of the document, "Amended Complaint." It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form.[2] In addition, any amended complaint filed by Mr. Vazquez supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

---

[2] In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

Mr. Vazquez is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations in the amended complaint may not be conclusory. Instead, Plaintiff must plead facts to show how each defendant named is personally involved or responsible for an alleged harm. In other words, the allegations should be specific enough as to time and place and should identify what each defendant did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676.

If Mr. Vazquez fails to file an amended complaint on the Court's form within twenty-one days, and in compliance with the Court's instructions, the Court will dismiss his action pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 24, 2019